In re ROSENTHAL.

(District Court, S. D. New York. April 10, 1901.)

BANKRUPTCY—STAY OF ATTACHMENT SUIT—VACATION AFTER BANKRUPT'S DISCHARGE.

A stay order restraining the prosecution of an action against a bankrupt, entered under Bankr. Act 1898, § 11a, is in its nature temporary only, and should ordinarily be vacated as a matter of course, on application of the creditor, after the bankrupt has been discharged. The fact that the bankrupt had given a bond in the action to release an attachment prior to his bankruptcy, and the effect of the discharge on the liability of the sureties under the state statute, are matters which cannot be taken into consideration by the court on a motion to vacate such stay; but both parties alike should be remitted to their rights, remedies, and defenses under the law in the court in which the action is pending.

In Bankruptcy. On motion to vacate stay.

E. N. Hill, for creditors.

Arthur Furber, for bankrupt.

BROWN, District Judge. A motion is made in behalf of Alexis Menage, a creditor, to vacate an order granted by this court on March 24, 1900, restraining the creditor from prosecuting his suit in Massachusetts against the bankrupt, Max Rosenthal, "until further order of the court." The bankrupt was adjudicated on his own

petition on December 4, 1899. No assets appearing, no trustee was appointed at the first meeting of creditors. Subsequently, by proceedings which appear to be regular, the bankrupt was discharged on April 18, 1900. The restraining order was issued in accordance with the ordinary course of proceeding under section 11. Such a stay is merely a temporary one, for the purpose of enabling the bankrupt to plead his discharge when obtained. When the discharge has been granted, the stay should ordinarily be vacated as a matter of course on application of the creditor, in order that the validity of the discharge as against the creditor's debt, may be duly tested, in case the creditor should wish to litigate its application to his debt. The restraining order in the present case not being expressly limited to the provisions of section 11, the motion to vacate it, now that the discharge has been granted, is proper; and the contention that the court has no longer jurisdiction, even pro hac vice, or so far as to vacate its own previous order, cannot be sustained.

It is urged for the defendant that the equities of his sureties in the Massachusetts suit are such that the stay ought not to be dissolved, and that by doing so he would be deprived practically of the benefit of his discharge. The facts in that regard are briefly as follows:

The suit was commenced against the bankrupt in the city of Boston on February 5, 1897, by trustee process, to collect an alleged indebtedness of $1,270. On March 12, 1897, Rosenthal caused a bond with sureties to be given to dissolve the attachment, pursuant to the statutes of Massachusetts, and the attachment was thereupon dissolved. Subsequently upon a trial before a jury, a verdict was found for the defendant. On exceptions and appeal to the supreme court, a new trial was ordered on March 2, 1900, about three months after the petition in bankruptcy was filed in this court. The original schedules did not mention the debt to Menage, but it was inserted in the amended schedules filed March 21, 1900, three days before the order of this court was made, restraining the further prosecution of the suit.

The bond executed to release the attachment was conditioned for the payment of "any final judgment" that might be obtained in the action. Had this been the only condition of the bond, inasmuch as no judgment was obtained prior to the defendant's discharge, and none could afterwards be lawfully obtained in case the discharge was operative upon the claim of Menage, the sureties would be practically released from the bond, since the condition of the bond could not be fulfilled by the recovery of any "final judgment" against the bankrupt. Wolf v. Stix, 99 U. S. 1, 8, 9, 25 L. Ed. 309; Carpenter v. Turrell, 100 Mass. 450; Hamilton v. Bryant, 114 Mass. 543.

By the Public Statutes of Massachusetts, however,—chapter 171, § 23 (passed in 1882),—it is enacted as follows:

"When a plaintiff is entitled to judgment except for the bankruptcy or insolvency of a defendant who has dissolved an attachment by giving a bond, the court may at any time upon motion enter a special judgment for such plaintiff, to enable him to proceed against the sureties on such bond; and such special judgment shall be deemed a sufficient judgment, within the meaning of

chapter 161, to enable such plaintiff to maintain an action against the sureties on said bond provided that such attachment was not made within four months," etc.

By chapter 161, § 122, of the Public Statutes of Massachusetts, it is further provided that an attachment may be dissolved by giving a bond to pay the plaintiff the amount, if any, that he may recover within 30 days after the final judgment in said action, and also pay to the plaintiff within 30 days after the entry of any special judgment, in accordance with chapter 171, the sum, if any, for which such special judgment shall be entered.

The bond given by the debtor and his sureties to release the attachment in this case, embodied the above provisions; so that it will doubtless follow that if the creditor is authorized to enter a "special judgment" under the above provisions in the Massachusetts court, the sureties will be bound to pay the amount of that special judgment, because that condition of the bond will be fulfilled. Section 16 of the present bankrupt act would then have full effect, which provides that "the liability of a person who is * * * in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt."

There is nothing before me by which it appears whether the creditor upon the discharge of the restraining order of this court, would be entitled to enter a special judgment. On the facts above stated, presumptively he would not be; since upon the first trial a verdict was found for the defendant. It is possible, however, that the rulings upon appeal may have virtually determined the liability of the defendant, though not in form so adjudged; since a new trial was ordered. It would seem, therefore, that a further trial in the state court is necessary in order to determine whether the plaintiff, in the language of chapter 171, § 23, "is entitled to judgment except for the bankruptcy of the defendant"; and it is not until that question is determined that any "special judgment" can be entered.

I think, however, that such questions as pertain to the effect of the discharge, the force of the sureties' bond, the construction of the Massachusetts statutes of 1882 and 1888 and whether they apply to a discharge under the United States bankrupt act subsequently passed, are not to be considered or determined by me upon this motion; but only in the pending suit in Massachusetts, where there will be full opportunity for the parties to be heard. It is sufficient that the restraining order was in its nature a temporary one only and that the discharge of the bankrupt has been granted, so that it becomes the duty of the court to vacate its previous stay and remit both parties alike to their rights, remedies and defenses under the law.

Motion granted.