### In re FLANDERS.

(District Court, D. Vermont. April 20, 1903.)

1. BANKRUPTCY—SUIT IN STATE COURT—STAY—DISCHARGE—EFFECT.
    Bankr. Act, § 11a (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), provides that a suit on a claim from which a discharge would be a release, pending when a bankruptcy petition is filed, shall be stayed until after adjudication or dismissal thereof, and, if adjudication of bankruptcy is had, it may be further stayed 12 months, or, if within that time the bankrupt applies for a discharge, then until the question of discharge is determined. *Held*, that the stay of a suit for malpractice in a state court, ordered pending discharge, would not be continued after the discharge had been granted.

In Bankruptcy.

Thomas W. Moloney, for plaintiff.
Wilder L. Burnap, for bankrupt.

WHEELER, District Judge. In this case there has been a temporary stay of proceedings in a suit against the bankrupt for malpractice as a surgeon, in a state court, pending discharge. While the

motion for continuing the stay has been pending, a discharge has been granted. The motion is now to be disposed of.

By the terms of the bankrupt act, such a stay is to be granted only for the time during which the question of discharge may be open and pending. Section 11a (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]). If a discharge is denied, or the time for asking one is allowed to expire without application, there is no occasion for such a stay. The suit may proceed as if there had been no bankruptcy, except as the trustee may intervene to save property rights for the estate. As to personal rights and liabilities the bankrupt remains as before. If the discharge is granted, the right of action is brought under its effect according to the law; and the bankrupt becomes entitled to its protection, to be availed of by proper legal remedies. In re Rosenthal, 5 Am. Bankr. Rep. 799, 108 Fed. 368. A stay of proceedings in the suit by the court of bankruptcy, as such, is not such a proper remedy. A stay pending the discharge would have been as extensive as could be proper for a permanent stay, and it would have expired on the granting of the discharge. None larger should be continued. The motion to continue the stay must therefore be denied; and the temporary stay, which stands unlimited now, must be vacated. This should, however, be without any prejudice to the rights of the bankrupt under the discharge.

Motion to continue stay denied. Temporary stay vacated, without prejudice.