In re MADDEN.

(District Court, D. New Jersey. May 19, 1919.)

BANKRUPTCY ⬤391(3)—DISCHARGE—RESTRAINT OF PROCEEDINGS IN STATE COURT.

Where, on a complaint alleging breach of marriage promise without averring seduction, judgment was rendered against the bankrupt, who filed a voluntary petition, was adjudicated a bankrupt, and discharged, and after the estate had been closed the judgment creditor brought supplemental proceedings in the state court, it being her theory that the breach of marriage promise had been accompanied by seduction, *held* that, though the liability of the bankrupt was discharged under Bankruptcy Act, § 17 (Comp. St. § 9601), if the breach of marriage promise was not accompanied by seduction, yet under section 11a (Comp. St. § 9595) the bankruptcy court cannot restrain the supplemental proceedings in the state court, and the question whether the liability was discharged must be adjudicated by that tribunal.

In Bankruptcy. In the matter of the bankruptcy of Albert Franklin Madden. On rule to show cause why an order permanently restraining supplementary proceedings in the state court should not be granted. Rule dismissed.

Nicholas F. Perrotty and David Bobker, both of Newark, N. J., for bankrupt.

Riker & Riker, of Newark, N. J., for Dorothy B. Curten.

DAVIS, District Judge. The bankrupt is before this court seeking an order restraining Dorothy B. Curten from continuing supplementary proceedings in the state court on the ground that his discharge in bankruptcy released him from the liability on which the state court proceedings are based. Suit was instituted against the bankrupt in the state court by the said Dorothy B. Curten for breach of promise

of marriage, on which judgment was secured against him, whereupon he filed on July 5, 1918, a voluntary petition in bankruptcy in this court. He was adjudicated a bankrupt on the same day. The bankrupt was discharged on November 25, 1918. His estate in bankruptcy has been administered, and the trustee was discharged on October 31, 1918. Miss Curten instituted supplementary proceedings in the state court, seeking to discover property of the bankrupt, who has applied to this court for a restraining order as aforesaid.

Section 17 of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. § 9601]) provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * are liabilities for breach of promise of marriage accompanied by seduction."

The complaint alleged simple breach of promise of marriage, without averring seduction. The bankrupt did not defend the case, and judgment was entered by default. On assessment of damages, the plaintiff testified that the breach of promise was accompanied by seduction. This was denied by the bankrupt, and the jury assessed the damages, without finding in terms whether or not there was seduction. Under these facts, the bankrupt contends that his discharge in bankruptcy released him from liability for the said judgment, and that he should not be subjected to supplementary proceedings in the state court.

Section 11a of the Bankruptcy Act (Comp. St. § 9595) provides that:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

The bankrupt in this case having been discharged on November 25, 1918, the question is whether or not an order restraining further action in the supplementary proceedings in the state court should be made by this court. If such order is made before the discharge of the bankrupt, the manifest intention of section 11a of the act, above quoted, is that it shall not be continued after the discharge. In re Flanders (D. C.) 10 Am. Bankr. Rep. 379, 121 Fed. 936. If such order has not been made by the bankruptcy court before the discharge of the bankrupt, it should not be made thereafter. In the case of In re Burke, 19 Am. Bankr. Rep. 51, 155 Fed. 703, cited by counsel for the bankrupt, Judge Chatfield decided that the bankrupt had the "right to have proceedings in a state court action, brought upon a claim provable and dischargeable in bankruptcy, stayed, and to have the matter disposed of in the bankruptcy proceedings," but application was made in that case before the bankrupt's discharge and while his estate in bankruptcy was being administered.

In this case, the estate in bankruptcy has been administered, and the bankrupt discharged. The bankrupt has the right to have determined

whether or not his discharge in bankruptcy released him from the judgment secured against him in the breach of promise proceedings, but that question must now be determined in the state court, in which the judgment was secured and where the supplementary proceedings were instituted. The discharge of the bankrupt terminated the jurisdiction over the bankrupt of this court, which no longer has any right to interfere with proceedings in the state court. If the breach of promise of marriage was accompanied by seduction, the discharge in bankruptcy did not release the bankrupt from liability on said judgment; if it was not accompanied by seduction, his discharge did release him from the liability, and the supplementary proceedings should be dismissed. These, however, are questions for the determination of the state court, to whose attention, by appropriate proceedings, the bankrupt should bring the fact of his discharge in bankruptcy and ask for the relief to which he may feel he is entitled.

Restraint is therefore denied, and the rule dismissed