### In re BYRNE.

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 142.

1. **Bankruptcy ☞424—Judgment for physician's negligent and unskillful treatment held dischargeable; "willful or malicious injury."**

A judgment against a bankrupt physician, based on negligent and unskillful treatment, is dischargeable in bankruptcy, and does not come within any of the exceptions of Bankruptcy Act, § 17, subd. 2 (Comp. St. § 9601), because not a liability for willful or malicious injuries;

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

negligence alone not being such malice or willfulness as is contemplated by the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful–Willfully.]

**2. Bankruptcy ⬅391(3)—Statute relating to stay of proceedings against bankrupt held applicable to bankrupt who has not applied for discharge.**

Under Bankruptcy Act, § 11a (Comp. St. § 9595), providing that a suit on a claim from which a discharge would be a release, which was pending against a person at the time of the filing of the petition, shall be stayed until after adjudication, and in view of section 2, cl. 15 (section 9586), held, that an order restraining a sheriff from taking any proceedings to enforce a body execution against a bankrupt who had not yet applied for discharge should strictly comply with the statute, and should therefore be continued for 12 months after the discharge, or, if within that time the bankrupt applies for discharge, then until the question of such discharge is determined.

**3. Bankruptcy ⬅391(3)—After discharge, injunction restraining proceeding against bankrupt automatically ends.**

When a discharge in bankruptcy is had, the injunction under Bankruptcy Act, § 11a (Comp. St. § 9595), automatically ends, and the District Court has no jurisdiction to enjoin; the bankrupt's remedy against an action by a creditor being to set up the discharge.

Appeal from the District Court of the United States for the Northern District of New York.

In the matter of James W. Byrne, bankrupt. From an order continuing an order staying a sheriff from enforcing a body execution against the bankrupt, Edward Hobaica, by Abraham Hobaica, his guardian ad litem, appeals. Affirmed, as modified.

Appeal by an infant, by his guardian ad litem, from an order of the District Court for the Northern District of New York, dated June 30, 1923, which provided: "Ordered, adjudged, and decreed that the judgment obtained by Abraham Hobaica, as guardian ad litem for Edward Hobaica, against James W. Byrne, the bankrupt herein, is dischargeable in bankruptcy, and does not come within any of the exceptions set forth in subdivision 2 of section 17 of the Bankruptcy Act; and it is further ordered that the said order of March 26, 1923, restraining the sheriff of Oneida county from taking any proceedings to enforce a body execution against the said bankrupt, be continued."

The infant, by his guardian ad litem, brought an action in the New York Supreme Court, Oneida county, to recover damages against Byrne. The complaint alleged that Byrne, a physician, had "unskillfully, carelessly and negligently" treated the infant's foot and ankle. Plaintiff was successful, and obtained a judgment against defendant for $5,136.19, which was duly entered in the office of the clerk of Oneida county. On May 13, 1922, Byrne appealed, and the judgment was affirmed. Executions issued and were returned wholly unsatisfied.

On March 20, 1923, Byrne was adjudicated a bankrupt, and on April 10, 1923, a trustee was appointed. On April 18, 1923, execution against the person of Byrne was issued, and on April 21, 1923, Byrne was taken into custody under the execution by the sheriff of Oneida county. Upon the filing of a bond, as provided under the New York statute, Byrne was released for the jail limits of the city of Utica, but he was later surrendered by the surety, and was in the custody of the sheriff on the 26th day of April, 1923.

Upon the affidavit of Byrne and of his attorney, the District Court granted an order enjoining the sheriff of Oneida county from taking any further proceedings under and by virtue of the execution against the person of Byrne "until a hearing and determination on the application to be made by the said bankrupt for his discharge or until the further order of the court," and Byrne was accordingly released from custody. Thereafter Hobaica, by his guardian

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ad litem, obtained an order to show cause why the injunction order, supra, should not be vacated. As part of the petition upon which the order to show cause was granted, the case on appeal to the Appellate Division was incorporated. The District Court thus had before it the pleadings in the action, the testimony, and the judge's charge. The District Court held the judgment dischargeable and entered the order of June 30, 1923, supra.

Lee, Dowling & Brennan, of Utica, N. Y. (William F. Dowling, of Utica, N. Y., of counsel), for appellant.

William R. Goldbas, of Utica, N. Y. (Lorenz J. Brosnan, of New York City, and William R. Goldbas, of Utica, N. Y., of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] 1. The first question is whether the judgment is dischargeable. Section 17a of the Bankruptcy Law (Comp. St. § 9601) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another. * * *"

The complaint nowhere alleged willful or malicious injury, but charged Byrne with having "unskillfully, carelessly, and negligently" treated the infant's foot, and ankle. The testimony and the charge of the court demonstrate that the case was tried on the theory that the defendant physician was negligent and unskillful. No testimony was adduced to show that the injury done the infant was a "willful or malicious injury."

Where, as here, the most that can be said is that a physician was guilty of an error of judgment, or was not skillful, it is plain that neither willfulness nor malice can be attributed to such negligence or lack of skill. The case, therefore, does not fall within Kavanaugh v. McIntyre, 210 N. Y. 175, 104 N. E. 135, or within the observations of Mr. Justice Peckham in Tinker v. Colwell, 193 U. S. 473, at pages 477, 478, 24 Sup. Ct. 505, 48 L. Ed. 754. Black on Bankruptcy (3d Ed.) § 741 (citing a number of cases), states the rule concisely:

"But here it is necessary to observe that negligence alone does not constitute either such malice or such willfulness as is contemplated by the act."

See, also, In re Cunningham (D. C.) 253 Fed. 663, and In re Wilson (D. C.) 269 Fed. 845.

We are of opinion, therefore, that the District Court was right in holding that the judgment was dischargeable.

[2, 3] 2. In the second paragraph of the order of June 30, 1923, it ordered that the order of March 26, 1923, be continued. The order of March 26th does not attempt to restrain the sheriff permanently, but only "until a hearing and determination on the application to be made by the said bankrupt for his discharge or until the further order of the court." Section 11a of the Bankruptcy Law (Comp. St. § 9595) provides:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be

further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

This section must be read with section 2, clause 15, of the Bankruptcy Law (section 9586), which authorizes courts of bankruptcy to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act." Section 11a, supra, refers to "a suit * * * which is pending against a person at the time of the filing of a petition against him. * * *" Bearing in mind the plain intent of this section of the statute, any process or proceeding instituted to carry into effect a dischargeable judgment must be construed as within the purview of this section. Black on Bankruptcy (3d Ed.) § 29.

When, however, discharge is had, the injunction under section 11a automatically ends, and the District Court has then no power to enjoin. If a creditor thereafter takes proceedings, the discharged bankrupt may set up his discharge and thus protect himself. Black on Bankruptcy (3d Ed.) § 710 et seq. In the case at bar, the bankrupt has not yet applied for discharge, and therefore the continuance of the restraining order was proper, but the order was not in proper form. It should have complied strictly with section 11a.

The order appealed from should be amended, by striking out the second paragraph, and in place thereof using the language of section 11a staying the sheriff of Oneida county from taking any proceedings to enforce a body execution against the bankrupt "until 12 months after March 20, 1923, the date of adjudication, or, if within that time James W. Byrne, the bankrupt, applies for a discharge, then until the question of such discharge is determined."

As thus modified, the order below is affirmed, without costs, and the District Court is instructed to enter an order in accordance with this opinion.