## In re NEELY.
### No. 59774.

District Court, S. D. New York.

Feb. 26, 1935.

Fertig, Walter & Gottesman, of New York City (Alfred A. Walter, of New York City, of counsel), for petitioner.

Austrian & Lance, of New York City (Saul J. Lance and Samuel Rudner, both of New York City, of counsel), for bankrupt.

PATTERSON, District Judge.

The motion is by a creditor of the bankrupt to vacate a stay issued by a referee in bankruptcy.

Neely was assessed $13,264.67 as additional income tax. He gave a bond to the United States to cover payment. The Great American Indemnity Company was surety on the bond. On Neely's failure to pay, the surety company was compelled to make payment to the United States. It then brought suit against Neely for reimbursement and recovered judgment. Neely filed a voluntary petition in bankruptcy, listing the surety company as a creditor, and obtained from the referee in bankruptcy an ex parte order restraining the surety company from taking any steps in the state court to collect on the judgment. The order was not in the usual form, staying the creditor for twelve months after adjudication or until the question of discharge should be determined. On its face it was without limit as to time. Neely later procured his discharge. The surety company then brought this application to vacate the injunction.

The point argued by the parties was whether the claim was dischargeable. The surety company pointed out that a claim by the United States for tax is not affected by discharge in bankruptcy, and contended that on payment of the tax for the bankrupt it became subrogated to all the rights of the United States. The bankrupt argued that subrogation did not go so far. But the question of dischargeability is not properly before the court. The stay went too far and should be vacated as matter of course.

The authority for the stay is section 11 of the Bankruptcy Act (11 USCA § 29), providing for stay of suits against the bankrupt on claims which would be barred by discharge, but only "until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." As the language used indicates, the purpose of Congress was to delay prosecution of the suit on a dischargeable claim only until determination of the matter of discharge, so that the bankrupt may be in a position to plead his discharge in the suit brought against him. After discharge it is ordinarily not for the bankruptcy court to decide whether a particular claim is barred by the discharge. That question is for determination by the court in which the creditor later presses for payment of his claim.

In conformity to these views, a stay obtained by a bankrupt on a claim said to be dischargeable, if not by its terms limited to

---

[1] Not for publication.

the time when the matter of discharge will be determined, will be vacated as matter of course on application of the creditor, as soon as the bankrupt has been discharged. In re Rosenthal (D. C. N. Y.) 108 F. 368; In re Flanders (D. C. Vt.) 121 F. 936; In re Lockwood (D. C. N. Y.) 240 F. 161; In re Weisberg (D. C. Mich.) 253 F. 833; In re Byrne (C. C. A. 2) 296 F. 98; Remington on Bankruptcy, § 3492.

The stay was excessive as to time and should be vacated forthwith. I say nothing as to the dischargeability of the surety company's claim. That point will be decided by the state courts, if and when the surety company takes proceedings there to collect on its judgment. The stay will be vacated.