**In re BERRY.**

District Court, S. D. New York.
April 27, 1936.

Aaron J. Funk, of New York City, for petitioner.

Paul L. Ross, of New York City, for bankrupt.

PATTERSON, District Judge.

One Lindholm recovered judgment for $2,666.50 against Berry on breach of promise of marriage. On January 16, 1930, Berry was taken on body execution and committed to the county jail of New York county. The next day he filed a voluntary petition in bankruptcy in the Eastern District and was adjudicated bank-

rupt. He thereupon brought habeas corpus, on the ground that the debt was one dischargeable in bankruptcy. By order of this court, February 26, 1930, the writ was sustained and Berry was ordered released from custody. He never applied for discharge in bankruptcy, and the case was marked closed on March 3, 1930. Lindholm now moves that the order releasing Berry from imprisonment be vacated, pointing out that he never obtained a discharge in bankruptcy.

The order in habeas corpus was issued under authority of section 9a of the Bankruptcy Act (11 U.S.C.A. § 27a), to the effect that a bankrupt shall be exempt from civil arrest except when issued from the bankruptcy court for contempt or when issued from a state court on a debt not dischargeable in bankruptcy. That section is to be read with section 11 (11 U.S.C.A. § 29), empowering the bankruptcy court to stay suits on dischargeable claims until the question of discharge is determined. In re De Lauro, 1 F.Supp. 678 (D.C.Conn.). General Orders 12 and 30 (11 U.S.C.A. following section 53) deal with the same matter. From the statutory provisions, two propositions are evident: First, that the bankruptcy court has no power to interfere with imprisonment of the bankrupt under process on a nondischargeable claim (except to the limited extent necessary to insure attendance in court or performance of a duty imposed on him); second, that the bankruptcy court has power to release the bankrupt from imprisonment for a dischargeable debt and to protect him against imprisonment until final adjudication on discharge in bankruptcy. But in the second case the release is operative only until the question of discharge is settled. In re Byrne, 296 F. 98 (C.C.A. 2); Herschman v. Justices of the Municipal Court of City of Boston, 220 Mass. 137, 107 N.E. 543. If the bankrupt fails to get his discharge, either because the court denies it or because he did not make timely application, the protection against arrest given by the bankruptcy court is spent and the state court may thereafter give the creditor whatever remedies the laws of the state allow on the claim, as if there had been no bankruptcy. American Woolen Co. v. Maaget, 86 Conn. 234, 85 A. 583, Ann.Cas. 1913E, 889.

The debt in this case was of a dischargeable character. The order releasing the bankrupt from custody on body execution was therefore right and should not be vacated. The creditor has mistaken the force and effect of that order. The bankruptcy court did not determine that the bankrupt was forever immune from body execution on Lindholm's judgment, and the order does not so read. It merely suspended body execution until decision on the question of the bankrupt's discharge. The bankrupt having allowed the time for applying for discharge to go by without applying, the creditor's judgment is not affected, and to collect it she may pursue any remedies available to her under the laws of New York.

The motion to vacate the order releasing the bankrupt from custody will be denied.