694

## In re NICHOLS.

### No. 12478.

District Court, W. D. Kentucky.

March 11, 1938.

J. P. McCormack, of Louisville, Ky., for bankrupt.

G. E. Wade, of Louisville, Ky., for respondents.

HAMILTON, District Judge.

On November 1, 1937, in these proceedings, Oscar T. Nichols was adjudged a bankrupt, and listed the Goodrich Tire & Rubber Company as a creditor to whom he owed $40. This indebtedness was incurred for automobile tires purchased from the creditor under an unrecorded conditional sales contract. The bankrupt also listed as a creditor the Guaranty Finance Company, to which he was indebted in the sum of $465, secured by a recorded mortgage on an automobile and its tires, which he had acquired from the Goodrich Company.

On January 6, 1938, the referee, on the petition of the trustee, entered an order directing him to renounce all right, title, and interest in the automobile and tires, because the lien indebtedness of the Guaranty Finance Company was in excess of their market value.

After the bankrupt's adjudication and the renouncement of all interest in the automobile and its tires, the Goodrich Company by letter demanded that the bankrupt pay its indebtedness, and in its letter threatened to garnishee the bankrupt's wages, calling to his attention the evil consequences that he would incur by reason of garnishment.

On January 14, 1938, the Goodrich Company instituted in Magistrate Rehm's court in Jefferson county, Ky., an action against the bankrupt, seeking to repossess its tires under the conditional sales contract. The bankrupt pleaded as a bar to the action in the state court the pendency of the bankruptcy proceedings in this court, and the Goodrich Company in reply pleaded the order of the referee renouncing all interest in the automobile and its tires.

The Guaranty Finance Company refused to intervene in the magistrate's court to protect its lien, and on final hearing the court decreed delivery of the tires to the Goodrich Company. J. Toner, a constable in Magistrate Rehm's court, took possession

of the tires and delivered them to the Goodrich Company.

The proceedings here are in substance a supplementary and an ancillary bill in equity in aid of and to effectuate the adjudication and order made by this court.

 The court has jurisdiction to grant the relief asked if the facts require it to exercise such power. Local Loan Company v. Hunt, 292 U.S. 234, 235, 54 S.Ct. 695, 696, 78 L.Ed. 1230, 93 A.L.R. 195.

The principal purpose of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." Williams v. United States Fidelity & Guaranty Company, 236 U.S. 549, 555, 35 S.Ct. 289, 290, 59 L.Ed. 713.

Bearing in mind the above purpose, it is the duty of the court to make effective its adjudication and prevent harassment by a creditor of a debtor after he has been adjudged a bankrupt.

If creditors were as diligent in investigating the responsibility of an applicant for a loan or a purchase under a conditional sales contract before making the loan or sale, as they are in attempting to collect after the indebtedness has been incurred, there would be fewer cases in bankruptcy and the losses incurred in trade would be greatly reduced.

The tires involved were released by the bankruptcy court for the purpose of discharging the lien of the Finance Company, and there would have been no release to the Goodrich Company because its conditional sales contract was unrecorded. The bankrupt's indebtedness to the Tire Company was an obligation dischargeable in the proceedings here, and if the creditor can continue to collect its indebtedness by repossessing the tires, the discharge to the debtor would be worthless. The customary procedure where a bankrupt seeks to avail himself of a discharge from a judgment recovered in a state court is for him to go into the court where the action is pending and there interpose his alleged bar. In re Scheffler, 2 Cir., 68 F.2d 902; In re Havens, 2 Cir., 272 F. 975; In re Madden, D.C., 257 F. 581. However, the bankruptcy court should make effectual its judgments, and where a state court of limited jurisdiction ignores the judgment of the bankruptcy court, the latter should not hesitate to exercise its power to protect the debtor.

The adjudication of the bankrupt here was a decree in equity, determining the status of the bankrupt to the debtor, and the jurisdiction remains in this court to determine the effect of its adjudication, and to enjoin the creditor from interference with its decree. Local Loan Co. v. Hunt, supra; In re Adler, 2 Cir., 144 F. 659.

It seems to me that exceptional circumstances exist here for this court to compel the Tire Company to restore the tires to the bankrupt or to pay to him their fair market value at the time they were taken from him. The amount involved is small, but the judgment of the state court carries with it the possibility of loss to the bankrupt which he may not recoup. The responses of the B. F. Goodrich Company, P. M. Spellman, and J. Toner, constable, will be held insufficient.