**In re ALVINO.**

**No. 303.**

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

Henry W. Parker, of New York City, for appellant.

Frank Composto, of Brooklyn, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The bankrupt filed voluntary petition in bankruptcy. Four months later Morris Plan Industrial Bank commenced an action against him in the Municipal Court of the City of New York to recover $238. The complaint was headed, "Action to recover damages for fraud." The complaint set forth succinctly that the defendant borrowed $255 from the plaintiff and represented that his debts then were only $12, that the representation was false and known by the defendant to be false, that it was relied on by the plaintiff in making the loan, and that the unpaid amount was $238. The bankrupt promptly applied to the bankruptcy court for a stay of the suit, and a stay was granted over the bank's opposition.

The stay was proper only if the claim asserted against the bankrupt in the action in the state court was one "from which a discharge would be a release." Bankruptcy Act, section 11, sub. a, 11 U.S. C.A. § 29, sub. a. Where the action has not been tried, the character of the claim is determined from the plaintiff's pleading, to the exclusion of what the bankrupt may say about the claim in affidavits. In re Adler, 2

Cir., 152 F. 422; In re Northrup, D.C.N.Y., 265 F. 420; In re Gelson, D.C.N.Y., 12 F. Supp. 924, 925. Here the complaint marks the claim unmistakably as one for deceit, for obtaining money by false representation. From such a claim a discharge in bankruptcy is not a release. Bankruptcy Act, section 17, sub. a, 11 U.S.C.A. § 35, sub. a. The bankrupt was not entitled to a stay of the action. Family Small Loan Co. v. Mason, 4 Cir., 67 F.2d 207.

█ The court below was in error in holding that the bank should have submitted proof of fraud. It did enough when it showed the court a copy of the complaint filed in the action in the state court. The order is reversed, with direction to deny the stay.