## In re ARMOUR.
## PERSONAL FINANCE CO. OF CHICAGO v. ARMOUR.
### No. 10228–10253.

United States Court of Appeals.
Seventh Circuit.

Heard Jan. 4, 1951.

Decided Jan. 12, 1951.

Edward Friedman, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Owsley Vose, Atty., National Labor Relations Board, all of Washington, D. C., on brief), for petitioner.

Isidor E. Schlesinger, New York City, (Schlesinger & Krinsky, New York City, on brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations

Jack A. Williamson, Herman E. Hanelin, Chicago, Ill., Adams, Williamson & Turney, Chicago, Ill., of counsel for appellant.

Edgar R. Armour, in pro per.

Before MAJOR, Chief Judge, DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Appellee, on October 24, 1949, was adjudicated a voluntary bankrupt. On the same date, a stay order was entered enjoining all creditors, including Personal Finance Company of Chicago (appellant), from taking any steps to enforce their claims otherwise than through the bankruptcy proceedings, until the further order of the court. On January 31, 1950, an order was entered granting the bankrupt's discharge.

On June 28, 1950, appellant filed a written motion to set aside or modify the stay order so as to permit it to proceed in a State court with its claim against the bankrupt on the ground that its claim represents a liability for money or property obtained by false pretenses or false representation and was, therefore, not dischargeable. Attached to this motion was a verified statement of appellant's claim which disclosed that the basis of the proposed suit was an alleged false financial statement, in reliance on which appellant had advanced money or credit to the bankrupt. The District Court, by order entered June 28, 1950, denied appellant's motion, and from this order the appeal comes to this court.

Section 11, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. a provides, among other things, that a suit "founded upon a claim from which a discharge would be a release" may be stayed until the question of the bankrupt's discharge is determined. Sec. 17, sub. a(2) of the Act, 11 U.S.C.A. § 35, sub. a(2) provides that certain debts are not dischargeable, including "liabilities for obtaining money or property by false pretenses or false representations". These two provisions considered together make it plain that the court was without authority under the circumstances presented to extend its stay order beyond the date of the bankrupt's discharge, and the courts have frequently so held. Family Small Loan Co. v. Mason, 4 Cir., 67 F.2d 207; Holmes v. Davidson, 9 Cir., 84 F.2d 111; In re Alvino, 2 Cir., 111 F.2d 642; Personal Finance Co. of Colorado v. Martinez, 10 Cir., 115 F.2d 226. After discharge, if a creditor commences an action, the discharged bankrupt may plead his discharge and thus protect himself. In re Byrne, 2 Cir., 296 F. 98, 101; In re Neely, D.C., 10 F.Supp. 654; Devereaux v. Belsey, 2 Cir., 76 F.2d 522, 523. There are unusual circumstances wherein a bankruptcy court may determine the dischargeability of a particular claim and where it may permanently enjoin a State court suit based thereon. See Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230. But no such circumstances are shown in the case before us.

In our view, the court should have vacated or modified its stay order as requested by appellant and its refusal to do so was error. Therefore, its order of refusal is reversed, with directions that it be vacated and appellant's request allowed.