MORTIMER J. MONROE, Appellant, *v.* WILLARD UPTON et al.,
Respondents.

Plaintiff brought suit to recover damages for the breach of a contract
between the parties for the sale and delivery of a quantity of whisky.
After trial was had, decision rendered against defendants, and costs
adjusted, defendant U. filed his petition in bankruptcy. After this, and
on the 26th January, 1868, plaintiff perfected and docketed his judgment.
On the 10th July, 1868, U. obtained his discharge as a bankrupt.
On the 1st July, 1871, plaintiff issued execution, and U. moved for a
perpetual stay as to him, which was granted. *Held,* 1st. That the motion
and order were in accordance with the practice, and defendant had lost
no opportunity of pleading his discharge so as to forfeit the favor of the
court; that a stay of proceedings under the twenty-first section of the
bankrupt act would not have availed him in setting up his discharge, as
it could only have intervened after trial, and he still would have
been helpless without an order of the Supreme Court to open the case or
let him in to plead *puis darrein*, and that the motion after the discharge
was obtained was just as proper. 2d. That defendant had not been
guilty of such "gross laches" in making the motion as to deprive him
of the right to the relief sought. 3d. That plaintiff's claim was not
merged in the judgment so completely to extinguish it and prevent
the operation of the discharge. 4th. That as at the time defendant filed
his petition the whole amount of plaintiff's claim was ascertained, it
was a debt provable under the bankrupt act against the bankrupts'
estate; and that, therefore, the stay was properly granted.

(Argued December 9, 1872; decided December 17, 1872.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, affirming order of
Special Term, granting a perpetual stay of proceedings upon
a judgment and execution, docketed herein, in favor of the
plaintiff against the defendants, for $1,157.56 damages and
$276 costs.

The action was brought on a contract for the sale and
delivery of whisky, and tried by the court and decided on
the 7th day of October, 1867.

On the 26th day of November, 1867, about one month
after the decision and taxation of costs, the defendant Upton
filed his petition in bankruptcy in the District Court of the

United States. On the 20th January, 1868, the plaintiff entered judgment, and on the 10th day of July, 1868, the defendant was duly discharged as a bankrupt. On the 1st day of June, 1871, the plaintiff issued execution and the bankrupt procured the stay. The bankrupt proceedings were not questioned.

*W. C. Rowley* for the appellant. Defendant has had his day in court, and cannot plead his discharge. (Bankruptcy act of 1867, § 21, and cases cited; Bump's L. and Pr. in Bank., 166; 5 Geo. II., § 52, 7–13; § 126 of new act; Cook's Bank. L. and Pr., 88; Eden's Bank. Laws, 427; 1 Chitty's Stat., 342, 368, §§ 200, 162, 163; *Faxon* v. *Baxter*, 11 Cush., 35–37; *Cross* v. *Hobson*, 2 Caines, 102; *Van Valkenburgh* v. *Dedrick*, 1 John. Cas., 133; *Palmer* v. *Hotchkiss*, 1 Cow., 43; and *Mabbott* v. *Van Buren;* added in a note to this case; *Barker* v. *Judges, etc.,* 4 John., 191; *Morgan* v. *Smith et al.,* 9 J. R., 255; *Baker* v. *Taylor*, 1 Cow., 165; *Mechanics' Bk.* v. *Hazard*, 9 John., 393; *Stewart* v. *Green*, 11 Paige, 537; *Alcott* v. *Avery*, 1 Barb. Ch., 349; *Clark* v. *Rowling*, 3 Comst., 216; *Medbury* v. *Swan*, 46 N. Y., 200; 3 Den., 269; 18 J. R., 54, 336; 9 id., 392; 4 id., 407; 2 Caines, 102.) A judgment entered like the one in the present case is not included in the debts discharged. (Bank. act 1867, §§ 19, 32, 34; *Ex parte Charles*, 16 Ves., 256; S. C., 14 East, 197; *Russ* v. *Gridley*, 6 Hill, 250; *Kellogg* v. *Schuyler*, 2 Denio, 73; *Graham* v. *Parsons*, 6 Hill, 247; *Ex parte Thayer*, 4 Cow., 66; *Luther* v. *Deyo*, 19 Wend., 629.) The judgment is a new debt and plaintiff's original claim is completely merged in it. (*In re Montgomery*, 3 Bank. Reg., 108; *In re Williams*, 2 id., 79; *In re Brown*, 3 id., 171; *In re Crawford*, id., 171, 173; *In re Gallison*, 5 id., 353; *Mansfield's Case*, 6 N. B. R., 388, 393–395; *Dresser* v. *Brook*, 3 Barb., 429; *Betts* v. *Bagley*, 12 Pick., 572; *Haggarty* v. *Amory*, 7 Allen, 458; *Bradford* v. *Rice*, 102 Mass., 472; *Wyman* v. *Mitchell*, 1 Cow., 316; *Raymond* v. *Merchant*, 3 Cow., 147; 5 Geo. II., ch. 30, § 13; Eden's Bank. Laws, 427; *Thompson*

v. *Hewitt*, 6 Hill, 254; 1 Chit. Pl., 103, 478; *Miller* v. *Watson*, 5 Cow., 95; *Outram* v. *Moorewood*, 3 East, 346; *Fox* v. *Woodruff*, 9 Barb., 498; *Clark* v. *Rowling*, 3 Comst., 216.)

*D. C. Hyde* for the respondents. The perpetual stay was properly granted, as the discharge was granted after judgment. (1 Cow., 42, 165; 3 Comst., 216; 38 N. Y., 253.) Defendant has not had his day in court. (*Palmer* v. *Hutchins*, 1 Cow., 42.) Defendant was not guilty of laches. (*Dresser* v. *Brook*, 3 Barb., 440.)

FOLGER, J. The practice of the Supreme Court has been, to permit one cast in judgment, to avail himself of a bankrupt or insolvent discharge by motion and order for a perpetual stay of execution thereon. This was done in cases in which he had no opportunity to plead his discharge in the action. And if fraud or other ground impeaching its validity was alleged, the court would open the cause so that that question could be tried. (*Baker* v. *Taylor*, 1 Cow., 165.) But where he might have availed himself of it as a defence to the action, or had been guilty of gross laches in making the motion, relief would be denied to him. (*Valkenburgh* v. *Dederick*, 1 Johns. Cas., 133; *Cross* v. *Hobson*, 2 Caines Cas., 102.)

The defendant could not have pleaded his discharge in this action, for the trial was had, the report of the amount found due made, and costs adjusted before he had commenced his proceedings in the bankruptcy court; and judgment was docketed against him in the action before his discharge was granted.

It is claimed, however, that the bankruptcy court could have stayed the plaintiff's proceedings in this action on the motion of the defendant in that court.

The twenty-first section of the bankrupt act of March 2, 1867, provides that no creditor, whose debt is provable thereunder, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until

the question of the bankrupt's discharge shall have been determined. And any such suit shall, upon his application, be stayed to await the determination on that question.

But it is apparent that a stay of proceedings, after the commencement of the defendant's proceedings in bankruptcy, would have been of no avail to him toward setting up his discharge against the claim sued upon in this action. The bankrupt court had power to stay the proceedings; but a stay would have intervened only after the trial. That court had not power to open the case in the Supreme Court, and to let the defendant in to plead his discharge. Had a stay been obtained, still the defendant was helpless to set up his discharge against the plaintiff's claim, without coming to the Supreme Court to open the case and let him in to plead *puis darrein.* And it was just as well to proceed and obtain his discharge, and then to move that court for a perpetual stay of execution. For if the defendant desired to allege fraud in the discharge, or in any way to test its validity, the court would, as we have seen, fit its order to that state of things.

The defendant did not, then, so neglect any opportunity of pleading his discharge as to forfeit the favor of the court. Nor can it be said that the defendant has been dilatory in making his motion for a stay of execution. The judgment was docketed on the 20th of January, 1868. The discharge in bankruptcy was granted on the 10th of July of that year. The plaintiff took no measures to enforce his judgment until June, 1871, when he issued this execution. The affidavits on which the defendant moved were sworn to in August of that year, and the motion was made in November. And it appears that some if not all of the lapse of time was suffered by the oral stipulation of the attorneys.

2d. But it is claimed that the discharge in bankruptcy is not operative against the judgment of the plaintiff.

The discharge which is granted is not against any debts but such as are by the act made provable against the estate of the bankrupt, and which existed on the day on which the petition was filed. (§ 19.)

The judgment did not exist on the day on which the petition was filed. It is not discharged if it is a new debt. The plaintiff claims that it is; and that his original claim is completely merged in it. But the authority in this State is against him; *Clark* v. *Rowling*, 3 N. Y., 216, and cases there cited, where it is held that, for such a purpose as this, it is not merged so as to be extinguished; and see *Dresser* v. *Brooks*, 3 Barb., 429. And we feel bound to follow the authority in this court, unless it is plainly shown by subsequent adjudications to be erroneous. So far from this being done, the cases cited by the plaintiff are divided upon the point involved. It is held that the debt is merged in the judgment in *Williams in re* (3 Bank Reg., 74), in *Gallison in re* (N. Bank Reg., 353), in *Mansfield's Case* (6 id., 388); and it is held that it is not in *Stevens in re* (4 Bank Reg., 122), in *Brown in re* (3 id., 145), in *Vickery in re* (id., 171). In *Crawford in re* (id., 171), it was held that the debt was merged in the judgment, but that the judgment, though not existing at the date of adjudication in bankruptcy, could be proved. In *Montgomery in re* (id., 108) it is held that a note existing at the date of the adjudication could not be proved because it had been renewed after that date; and that the renewal note could not be proved because it did not exist until after that date.

It is urged, also, that the claim of the plaintiff, on which he recovered his judgment, was not a debt which, by the terms of the bankrupt act, was provable against the bankrupt's estate.

The claim is stated in the affidavits to be for damages arising from a breach of contract between the parties for the sale and delivery of whisky. At the time of the filing of the petition, the action had been tried, and there had been a report of the judge fixing the amount of the plaintiff's damages, and his costs had been taxed; so that the whole amount due and payable to him had been ascertained. Certainly, the claim arising upon contract was provable. But the plaintiff says that he had only a finding in his favor in an action to recover unliquidated damages. But this finding ascertained the exact

amount, and did just what the bankrupt court would have ordered done. (§ 19; *In re Clough*, 2 Bank Reg., 59.)

The order appealed from must be affirmed, with costs to the respondents.

All concur.

Order affirmed.