JOSEPH BLUMENTHAL, Appellant, *v.* ROBERT J. ANDERSON and Others, Defendants.

WILLIAM K. HALL and CHARLES BLANDY, Judgment Creditors and Respondents.

*Judgment — how far a party to the action is concluded by it — right of one who has been discharged in bankruptcy to have judgments against him canceled — Code of Civil Procedure, sec. 1268.*

An action having been commenced by the plaintiff, to set aside a conveyance alleged to be fraudulent and to compel the specific performance of a contract, a judgment for costs was recovered therein by the defendants in July, 1876, which was subsequently increased by the sum of $750 allowed to the defendants for the damages occasioned by a temporary injunction granted upon the plaintiff's application. Subsequently a controversy having arisen between the defendants and their attorneys, who claimed to have a lien upon the judgment for the value of the services rendered by them, an action was brought by the attorneys in the Court of Common Pleas, in 1877, against the plaintiff and defendants, to have their lien determined and established, and to compel an assignment of the judgment to them, no personal claim being made against the plaintiff. In April, 1880, a judgment was entered therein declaring that the former judgment was still in force and unpaid and that the attorneys had a lien thereon to an amount stated. Prior to that time and in January, 1880, the plaintiff had been discharged in bankruptcy.

Upon an application made by him, under section 1268 of the Code of Civil Procedure, to have the judgment discharged and canceled of record:

*Held,* that he was not estopped by the judgment recovered in the Court of Common Pleas from so doing. That that judgment only made it his duty to pay whatever was due thereon to the attorneys and not to the defendants, and it did not in any way affect or revive his liability upon the first judgment.

Appeal from an order made at Special Term, denying a motion to cancel and discharge a judgment.

*J. M. Smith,* for the appellant.

*Chas. Blandy,* for the respondents.

Brady, P. J.;

It appears from the papers submitted upon this appeal that this action was commenced in January, 1875, for the purpose of setting

aside a conveyance alleged to be fraudulent and to compel the specific performance of a contract. The defendants employed Messrs. Hall & Blandy, the present respondents, to appear for them and defend the action.

In July, 1876, a judgment appears to have been entered in favor of the defendants against the plaintiff, dismissing the complaint, and for $3,126.80 costs alone. This sum was further augmented by an award for damages to the defendants of $750, granted because of the injunction which, on plaintiff's application, had been issued herein, and seems to have been regarded as the value of Messrs. Hall & Blandy's services in reference to the injunction.

It further appears that negotiations for a settlement took place, and that Messrs. Hall & Blandy notified the defendant Robert J. Anderson, of a lien upon the judgment, and in writing stated their position in regard to it.

It also appears that Robert J. Anderson denied the lien and forbid any settlement by Blumenthal, the plaintiff, except with him personally; whereupon Messrs. Hall & Blandy gave written notice of their lien to the plaintiff and notified him not to settle with any persons other than themselves, and also gave similar notice to the plaintiff's attorneys.

It also appears that in July, 1877, in a conference with the plaintiff's attorneys, it was suggested that the claim of Messrs. Hall & Blandy should either be settled or a motion made to ascertain the extent of their lien, which suggestion the plaintiff's attorney took under advisement. In August following an order seems to have been obtained to show cause why the lien should not be determined, and on the hearing upon that order it appears that Judge VAN BRUNT expressed the opinion that Messrs. Hall & Blandy must proceed by action to enforce their lien, whereupon the motion was withdrawn by consent.

These gentlemen then commenced an action in the Court of Common Pleas, against the plaintiff and defendants herein, to determine and enforce their lien upon the judgment and award.

It also appears that in September a motion was made to confirm the report of the referee appointed to ascertain the defendants' damages, by reason of the injunction, to which damages reference has already been made, on which occasion the plaintiff's attorney

produced a release of the judgment and award for damages, executed by the defendant; whereupon an adjournment took place to enable Messrs. Hall & Blandy to inquire into the facts, and produce proof to the court that such release, if executed, was fraudulent and void as to them.

In the same month an order was granted to show cause why the release and satisfaction-piece should not be set aside, and Messrs. Hall & Blandy have leave to issue execution, the result of which was, that the satisfaction-piece was vacated and set aside, and the clerk of this court directed to take and remove the same from the files of his office, and mark the docket of the judgment in his office as restored to full force, leaving it as though no certificate of satisfaction has been filed. In April, 1880, in the action brought by Messrs. Hall & Blandy, against the plaintiff and defendants, judgment was entered for the sum of $5,400 and costs, adjudging among other things that the judgment against Blumenthal of $3,126.80, and to which reference has already been made, remained in full force and wholly unpaid, and that a lien thereon, to the extent of $5,400, existed in favor of the plaintiffs, and that they were entitled to enforce the collection of the same and the award, and apply the same towards the payment of their judgment rendered in their favor in the action commenced by them.

It appears further, that in the meantime, and in January, 1880, Blumenthal was discharged in bankruptcy from all debts existing on the 31st of August, 1878, on which day the petition for adjudication was filed by him.

It further appears that in March, 1882, an order was granted to the plaintiff Blumenthal, to show cause, founded upon his proceedings in bankruptcy, why the judgment against him should not be canceled and discharged, which application after the hearing was denied; from which decision this appeal is taken.

The right of Messrs. Hall & Blandy rested wholly in the judgment against Blumenthal, and to the extent of the judgment and award grew out of services rendered in the action in which the judgment was obtained. It was an attorney's lien, which the courts have always taken great pleasure in protecting against any fraudulent assault. The action brought by them in the Common Pleas for the purpose of determining the lien and enforcing it, was one

in which no personal claim was made against Blumenthal. The nineteenth paragraph of the complaint being as follows :

"That the defendant Blumenthal has or claims an interest in said judgment of $3,126.80, and in said award of $750." No personal claim is made against him. "And the prayer was that the plaintiffs should have judgment against the defendants Robert J., M. A. and Mary Anderson, and that they should be decreed to have a lien on the judgment and on the award to the extent of $6,000 ; and that the Andersons be decreed to assign the plaintiffs the judgment and the award already mentioned. The decree substantially grants the prayer of the plaintiffs' complaint, the defendant Blumenthal making no defense in the action.

The learned justice presiding in the court below, in deciding the motion against the plaintiffs, referred to the case of *Dewey* v. *Moyer* (72 N. Y., 75), and which he seems to have regarded as controlling, because of the judgment rendered in the Court of Common Pleas in reference to the lien of Messrs. Hall & Blandy. He said that, without expressing any opinion as to the other questions, he did not see how he could grant the motion as long as that judgment remained in force. In the case mentioned it was held that where a bankrupt, subsequent to his discharge, confesses judgment upon an old debt, the debt was a good consideration for the judgment, and the latter was not affected by the discharge. The learned justice was mistaken, however, in regarding that case and this as parallel to each other. They are not. The object of the action in the Court of Common Pleas was not to obtain a new money judgment against Blumenthal, the judgment-debtor. As we have seen, no personal claim was made against him. Its object was to determine a contest as to the existence of a lien in favor of the plaintiffs upon the judgment against him, a matter in which Blumenthal could have no interest, unless he were compelled to make further payments by reason of his attempt by any combination to defraud the owners of the lien out of their claim or any portion of it.

No case has been cited and none found in which it has been held that the interest of a lienor in a judgment can be maintained notwithstanding the judgment itself has been discharged by the operation of the bankrupt act. It is true that it has been declared that

where a person may avail himself of his discharge as a defense to an action and does not do so, any relief founded upon it would be denied. (See *Monroe* v. *Upton*, 50 N. Y., 593.) But, as already suggested, in this case no personal demand was made against the plaintiff Blumenthal. He was only a formal party to the action, and as no personal demand was made against him it was not necessary for him to interpose his discharge. That action, as has already been shown, related to a lien upon the judgment itself, the result of which could not in any way enlarge the responsibilities of the judgment-debtor.

The appellant having obtained his discharge in bankruptcy, and which it must be assumed was legally accomplished (*Ocean Nat. Bk.* v. *Olcott*, 46 N. Y., 12), and having, upon proper notice to all the parties interested, made application under section 1268 of the Code of Civil Procedure for his discharge, which section provides that at any time after two years have elapsed since the bankrupt was discharged from his debts pursuant to the acts of Congress relating to bankruptcy, he may apply, and upon proof of his discharge to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled and discharged of record, sought the proper tribunal, namely, this court in which the judgment from which he asks to be relieved was rendered. The learned respondents seem to think that the judgment of the Common Pleas is *res adjudicata*, that the plaintiff has not been discharged from the payment of that judgment, because it was rendered subsequent to the discharge in bankruptcy. But this is a mistake. The judgment in the Court of Common Pleas only declared the existence of their lien and that as to them the judgment herein had not been paid, but was in full force.

This judgment was a proper one considering the parties before the court. Mr. Blumenthal, as already suggested, was a formal party, but one, against whom no claim having been made cannot be regarded as having been interested in the result, and his rights cannot therefore in any way be looked upon as having been passed upon. The judgment is in no respect *res adjudicata*, except so far as it declares the existence of the lien of Messrs. Hall & Blandy upon the judgment. In other words, if the plaintiff Blumenthal had not been discharged in bankruptcy the decree of the Court of

Common Pleas would make it necessary for him to pay the judgment against him to Messrs. Hall & Blandy, and to reject any claims that might be interposed by the Andersons; and this is the effect of it.

A careful consideration of this case leads to the conclusion that the order appealed from was erroneously made and must be reversed.

Daniels, J., concurred.

Present — Brady, P. J., and Daniels, J.

Order reversed.