632

In the Matter of the Application of Milton Paley, Appellant, for an Order Directing that a Judgment Entered against Him in Favor of Anne Ritholtz, Respondent, in This Court Be Canceled and Discharged of Record, Pursuant to Section 150 of the Debtor and Creditor Law.*

First Department, November 22, 1940.

*Robert P. Levis*, for the appellant.

*Max Ornstein*, for the respondent.

Dore, J. By this appeal we are asked to determine whether on cancellation of a judgment pursuant to section 150 of the Debtor and Creditor Law, the court may except from discharge so much of the judgment as represents interest accrued and costs incurred after the judgment debtor filed a petition in bankruptcy and before his discharge. The judgment sought to be canceled was entered after the bankruptcy petition was filed but before the bankrupt's discharge in the United States District Court.

Section 150 of the Debtor and Creditor Law, so far as relevant, provides:

" § 150. Discharge of bankrupt from judgment. At any time after one year has elapsed since a bankrupt was discharged from his debts * * * the bankrupt * * * may apply, upon proof of the bankrupt's discharge * * * for an order directing the judgment to be cancelled and discharged of record. If it appears

* Affg. 174 Misc. 338.

upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record;  *  *  *."

Under this section, appellant Milton Paley, a bankrupt, discharged in the bankruptcy court in April, 1939, applied to our Supreme Court in April, 1940, for an order directing cancellation of a judgment of the latter court in favor of respondent Anne Ritholtz entered December 13, 1938, against the bankrupt in the sum of $5,995.15.

The Supreme Court action had been instituted in September, 1936, against Paley and two others on promissory notes aggregating $5,000 with interest; Paley was an indorser. While that action was pending, Paley filed a voluntary petition in bankruptcy, listed the Ritholtz claim in his schedules as an unsecured claim for $5,000 but denied liability. The claimant, Ritholtz, in November, 1937, filed proof of her claim in the bankruptcy proceedings for the full amount. On December 13, 1938, during pendency of the bankruptcy proceedings but before discharge therein, judgment was entered for the full amount of the notes with interest and costs against Paley and the others after a trial of the action in our Supreme Court. Thereafter, objections to the bankrupt's discharge filed by Ritholtz in the bankruptcy proceedings were overruled, and the bankrupt, by order of the United States District Court, dated April 21, 1939, was discharged " from all debts and claims which are made provable by the National Bankruptcy Act against his estate, except such debts as are by the said Act excepted from the operation of a discharge in bankruptcy."

The court at Special Term, by the order appealed from, granted the bankrupt's motion under section 150 in part only, directing cancellation of the judgment except the sum of $538.15 representing costs incurred and interest accrued between the filing of the petition in bankruptcy and the entry of the judgment prior to discharge. The balance of the judgment, amounting to $5,457, was canceled of record. Paley, the bankrupt, appeals from the court's refusal to discharge the judgment in its entirety.

Section 17 of the Bankruptcy Act (11 U. S. Code, § 35) provides that a discharge in bankruptcy is limited to provable debts. Section 63, subdivision a, clause (5) (11 U. S. Code, subd. a, cl. [5]) of that act enumerates among the debts of the bankrupt provable against his estate claims founded upon " (5) provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of

the entry of such judgments; * * . *." Under the provision of these statutes, the Special Term held that the items of interest and costs in question were not provable and accordingly were not discharged.

Appellant contends that section 63, subdivision a, clause (5) of the Bankruptcy Act relates only to the provability of claims as between the creditors of the bankrupt's estate, its sole purpose being to prevent one creditor from enlarging his claim against the other creditors by adding interest and costs after commencement of the bankruptcy proceedings; that the discharge in bankruptcy extinguished the debt owing by the bankrupt and consequently the interest thereon, and rendered inoperative against the discharged bankrupt the costs included in the judgment. Appellant further contends that under section 150 of the Debtor and Creditor Law there is no provision for partial cancellation of a judgment, but the statute is mandatory and provides that the judgment be canceled. Respondent contends that since the interest had accrued and the costs had been incurred subsequent to the petition, those items were not provable debts and consequently not affected by the discharge which, by the very terms of the statute and the order of discharge, is limited to provable debts.

Special Term properly excepted from discharge the costs incurred in the Supreme Court litigation after the date of filing the petition in bankruptcy. At that date such costs were not a necessary incident of any debt either then due or to become due. At any time thereafter the bankrupt could have stayed the action in the Supreme Court; he elected not to do so and the costs in question ripened into rights against him after filing of the petition. As was said in *Monroe* v. *Upton* (50 N. Y. 593, 596), " The discharge which is granted is not against any debts but such as are by the act made provable against the estate of the bankrupt, and which existed on the day on which the petition was filed."

Authorities cited by appellant (*Walker* v. *Muir*, 194 N. Y. 420; *West Philadelphia Bank* v. *Gerry*, 106 id. 467) do not determine the narrow issue presented as in those cases the precise point herein presented was neither considered nor decided. *Clark* v. *Rowling* (3 N. Y. 216, 225), decided in 1850 under a prior bankruptcy act, is not controlling. The present bankruptcy statute expressly providing what interest and costs are provable and dischargeable is controlling.

Clause (2) of subdivision a of section 63 of the Bankruptcy Act allows costs taxable against an involuntary bankrupt, plaintiff in a cause of action at the time of the filing of the petition, which the trustee declines to prosecute after notice; clause (3) provides for the provability of a claim for taxable costs incurred in good faith before

the filing of the petition in an action to recover a provable debt; clause (5) excludes from provable debts " costs incurred and interest accrued after the filing of the petition " on a debt reduced to judgment after the petition and before discharge.

In *Aiken, Lambert & Co.* v. *Haskins* (34 Misc. 505, HOUGHTON, J.), where the precise issue was presented and passed upon, the applicable rule was stated as follows: " Costs which arise in the process of litigation and ripen into rights against the bankrupt after the filing of the petition are not affected by his discharge in bankruptcy and he remains liable therefor notwithstanding his discharge. (See Collier Bank. 351.) " That ruling conforms to the language of the Bankruptcy Act, is sound in reason, has been generally approved by authorities on bankruptcy, and accords with a holding of the General Term of this Department. (Gilbert's Collier on Bankruptcy [4th ed.], ¶¶ 1260–1262, pp. 981, 982; 7 Remington on Bankruptcy [5th ed. 1939], § 3527, p. 781; 8 C. J. S. Bankruptcy, § 401 b. See, also, *Heather* v. *Neil*, 14 N. Y. Weekly Dig. 46 [General Term, First Dept. 1881].)

This bankrupt elected to continue litigation in the Supreme Court after his petition in bankruptcy was filed. If he won in that litigation, he would be entitled to costs against the plaintiff; and such asset acquired subsequent to the filing of the petition would belong to him free and clear of all obligations discharged in the bankruptcy proceeding. (Bankruptcy Act, § 70, subd. a [11 U. S. Code, § 110, subd. a]; Gilbert's Collier on Bankruptcy [4th ed.], ¶ 537, p. 375; ¶ 1448, p. 1166; ¶ 1453, p. 1172.) Under the language of the statute and the purpose it serves, we see no reason why plaintiff should not have her costs when the bankrupt was defeated.

Special Term also properly excepted from discharge interest accrued after the filing of the petition. Among debts provable under the Bankruptcy Act, section 63, subdivision a, clause (1) (11 U. S. Code, § 103, subd. a, cl. [1]) is any fixed liability evidenced by a note or other instrument in writing " absolutely owing at the time of the filing of the petition   *   *   *   whether then payable or not, with any interest thereon which would have been recoverable at that date." The item of interest here involved was not due, payable or recoverable at that date; it accrued after that date, *i. e.*, between the date of the petition and the judgment which antedated the discharge. When it accrued, the principal debt had not at that time been discharged; and although the discharge related back to the date of filing the petition, it affected only provable debts. The item of interest in question being " interest accrued after the filing of the petition " is expressly excluded from provable debts under the provisions of section 63, subdivision a, clause (5). Accordingly it was not discharged.

It is true that where, as here, the assets of the estate in bankruptcy are less than the liabilities, interest stops on unsecured debts at the time of filing the petition. (*Thomas* v. *Western Car Co.*, 149 U. S. 95; *People* v. *American Loan & T. Co.*, 172 N. Y. 371; *Sexton* v. *Dreyfus*, 219 U. S. 339.) It is also true that where the assets prove sufficient to pay the claims in full with interest, creditors' rights are paramount to the bankrupt's, and in such cases interest will be paid before a surplus is turned over to the bankrupt. (Gilbert's Collier, ¶ 1255, p. 974; *People* v. *Merchants' Trust Co.*, 187 N. Y. 293, 297, 298.) The cessation of interest on unsecured debts, where the assets are not sufficient to pay the claims in full, refers only to interest accruing against the estate in bankruptcy; it does not refer to interest that has ripened into a right against the bankrupt himself after the petition and before the discharge, by reason of the bankrupt's election to continue to litigate his liability in another forum. The latter interest is a charge the bankrupt has voluntarily incurred, and the bankruptcy statute has carefully provided that the discharge in bankruptcy does not discharge such item. Any other construction would completely delete from the bankruptcy statute, section 63, subdivision a, clause (5), the express exception from among provable debts of " interest accrued after the filing of the petition."

In *Wheelock* v. *Tanner* (39 N. Y. 481, 504) the Court of Appeals said: " Interest is not a part of the debt, but something added to it by way of damages for the detention of the debt." It is the general rule, as that case held, that when the law prevents payment of the principal, " interest during the existence of the prohibition is not demandable." But in this case there was no legal prohibition whatever existing or outstanding at the time the interest ripened into a right against the bankrupt in the Supreme Court. When the debt was later discharged in bankruptcy, although the discharge related back to the date of the filing of the petition, it related by its terms only to debts provable at that time, and such interest was not provable.

We should not be astute to make strained or forced constructions of the Bankruptcy Act in favor of persons who, when a judgment is impending against them in the State court, not only go into bankruptcy to escape the effect of the judgment if and when it is procured, but voluntarily permit the continuance of the litigation in the State court in the hope of defeating the claim there and getting a judgment for themselves for costs against the claimant. Such persons should obviously be restricted to the legal rights given them by the bankruptcy statutes which, to avoid their own debts, they seek to impose in all their rigor on others.

We see no reason why there should not be partial cancellation of a judgment when the occasion arises for examining into the extent of the discharge and determining whether or not the judgment is in whole or in part based on a claim not dischargeable in bankruptcy. That occasion arises on the debtor's application for a cancellation of the judgment under section 150 of the Debtor and Creditor Law, and of such issue the State courts have jurisdiction. (*Matter of Devereaux*, 76 F. [2d] 522, 524.) The inquiry then is whether the judgment roll shows that the judgment is based on a claim not dischargeable in bankruptcy and so falling within the exception in the order and the certificate of discharge. (*Hanan* v. *Long*, 150 App. Div. 327; *Matter of Benoit*, 124 id. 142; affd., 194 N. Y. 549.)

It is true the bankrupt's failure to procure a stay of the Supreme Court action against him cannot deprive him of the benefit of the statute. (*West Philadelphia Bank* v. *Gerry*, 106 N. Y. 467, 471; *Monroe* v. *Upton*, 50 id. 593, 596.) But that merely means the debtor has not forfeited his rights under section 150, and if not guilty of laches may have its benefit in determining whether the debt in question was in fact discharged. While the discharge is *prima facie* evidence that provable debts contracted prior to the petition are discharged, the judgment creditor may adduce sufficient evidence to establish that his particular claim is one of those exempted from the effect of the discharge. (*Columbia Bank* v. *Birkett*, 174 N. Y. 112.)

The order, so far as appealed from, should in all respects be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; CALLAHAN, J., dissents.

Order, so far as appealed from, affirmed, with twenty dollars costs and disbursements.