In the Matter of David Zinn, Judgment Creditor, against Maude V. Hallock, Judgment Debtor.

Supreme Court, Special Term, New York County, March 11, 1949.

*John F. Dailey, Jr.,* for judgment debtor.

*Sol S. Perlow, Abraham J. Gellinoff* and *Arnold H. Fassler* for judgment creditor.

HOFSTADTER, J. This is a motion by a judgment debtor to vacate an order for the examination of a bank as a third party in supplementary proceedings on the ground that the judgment has been discharged in bankruptcy. The judgment was entered in the Supreme Court, Kings County, on March 2, 1932. On December 14, 1939, the judgment debtor filed a petition in bankruptcy in the Eastern District. She scheduled the claim of the judgment creditor and gave as his residence his home address as the same appeared in the then current Brooklyn telephone directory. The judgment creditor had lived at the address so given until September, 1939, when he moved to a new address. The notice of the first meeting of creditors in the bankruptcy proceeding sent to the address shown in the schedules was returned to the referee as undeliverable. However, a later notice of a hearing on the bankrupt's application for discharge, also mailed to the same address, does not appear to have been returned. Neither the judgment debtor nor her attorney in the bankruptcy proceeding knew of the return of the first notice until after the institution of the present proceeding. The judgment creditor disclaims notice or knowledge of the proceedings in bankruptcy. Even so, if his claim was properly scheduled it was discharged in the bankruptcy proceeding.

The judgment debtor seems to have acted in good faith. In relying on the then current telephone directory in which the judgment creditor's residence, as there listed, was in fact his cor-

rect residence until he moved only a few months before the sending of the notice of the meeting of the creditors in the bankruptcy proceeding, the judgment debtor acted with reasonable diligence. Though further inquiry through other channels might perhaps have resulted in the disclosure of the new address, the judgment debtor was not bound to exhaust every possible avenue of information. If the judgment debtor in good faith made reasonable effort to learn the true residence that was sufficient. In the circumstances here shown I hold that the judgment debtor did all that the law required of her.

The provisions for discharge are to be interpreted liberally in favor of the bankrupt (*Matter of Horwitz*, 92 F. 2d 632; *Kowalsky* v. *American Employers Ins. Co.*, 90 F. 2d 476). Necessarily each case depends upon its own facts, and I have found no case which passed on the same facts as those presented here. However, in analogous situations the courts have upheld the discharge (*Kreitlein* v. *Ferger*, 238 U. S. 21; *Matter of Mansfield*, 36 F. Supp. 296; *Vaughn* v. *Irwin*, 49 Misc. 611; *Matter of David*, 44 Misc. 516).

The bankruptcy schedules showed no assets, and there is no suggestion that there was a concealment of assets. Failure properly to schedule the judgment creditor's claim would, therefore, have defeated rather than furthered the bankrupt's interests. My view that the claim was discharged is fortified by these considerations as well as by the apparent delivery of the notice of the hearing on the discharge. I do not think that at this late date, sixteen years after the recovery of the original judgment and nine years after the bankruptcy proceeding, this judgment debtor should be denied the protection of the discharge in bankruptcy.

The motion to vacate the order for the examination of the bank as a third party is, therefore, granted. Settle order.