A. David Benjamin, J.
The judgment debtor moves herein for an order vacating and setting aside an order directing his examination in supplementary proceedings pursuant to a judgment obtained against him. The motion is made on the ground that the judgment was discharged by the judgment debtor’s subsequent discharge in bankruptcy. The judgment creditor *10 opposes this motion on the ground that the judgment was based on a liability of the judgment debtor for obtaining money by false pretenses and false representations and on the liability created by the judgment debtor’s fraud while acting in a fiduciary capacity, and that, therefore, under the provisions of paragraphs (2) and (4) of subdivision (a) of section 17 of the Bankruptcy Act (U. ¡3. Code, tit. 11, § 35, subd. [a], pars. [2], [4]), the judgment is exempt from discharge in bankruptcy on both of those grounds. The pertinent portion of section 17 of the Bankruptcy Law provides that: “A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * * or (4) were created by his fraud, embezzlement, misappropria- j tion or defalcation while acting as an officer or in any fiduciary j capacity ”.
The issue presented is whether the liability or debt on which the judgment rests comes within one of the above exceptions and is therefore not dischargeable in bankruptcy.
A judgment creditor has the burden of showing that the judgment is not dischargeable in bankruptcy. (Tompkins v. Williams, 137 App. Div. 521, 522, affd. 206 N. Y. 744.)
The court may look beyond the judgment to determine the nature of the liability or debt and may investigate the facts which form the basis of the judgment. (Belsey v. Deveraux, 150 Misc. 337; Maier v. Maier, 77 Misc. 145.) The inquiry must be restricted to the record of the action under challenge. (Matter of Benoit, 124 App. Div. 142; Multiple Trading Corp. v. Saggese, 178 Misc. 1077.) The inquiry then is whether the judgment roll shows that the judgment is based on a claim that is not dischargeable in bankruptcy. (Matter of Paley, 260 App. Div. 632, affd. 285 N. Y. 641; Hanan v. Long, 150 App. Div. 327.) If it does not clearly appear from the record that the fraud which was alleged in the action on which the judgment in the case at bar is based, was the gist and gravamen of the action, then the judgment is one which is dischargeable (Matter of Benoit, supra). In order to determine whether the judgment is dischargeable, the nature and character of the liability on which the judgment was founded must first be determined (Maier v. Maier, supra). The court is not precluded by the form of the action, nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act (Matter of Barbery v. Cohen, 183 App. Div. 424, 427).
*11 The record in the case at bar shows that the action was instituted upon a verified complaint which alleged that the defendant Handler (judgment debtor herein) and defendant Brewing Corp., for the purpose and with the intent of cheating and defrauding the plaintiff, warranted and represented to plaintiff that if it would advance to Hollywood Associates, Inc., the sum of $5,000, upon the security of a chattel mortgage, and a note of Hollywood Associates, Inc., said note bearing the indorsement of Handler and another individual, the said Brewing Corp. would be primarily and directly responsible for the repayment of the loan; that with the intent of cheating and defrauding plaintiff, the said defendants warranted and represented that they were unable directly to appear in the transaction as principals, because so doing would be in violation of the Alcoholic Beverage Control Law of the State of New York, which prohibits a wholesale brewer from financing or having any interest, directly or indirectly, in a retail dispenser of its products; that the representations were false and known to be false by the defendants and were made with the conscious intent that the defendant Brewing Corp. would not and did not intend to assume primary liability for the loan and would subsequently repudiate its obligation thereunder; and that the plaintiff relied on the representations to its damage. The defendant Handler appeared generally by his attorney and a judgment was rendered against him after inquest, the defendant having defaulted in answering and not appearing at the time of trial. The action against defendant Brewing Corp. had been discontinued.
The judgment creditor has not submitted a copy of the minutes of the inquest. Therefore attention must be centered on the complaint to determine whether the judgment is based on a liability grounded in fraud so as to come within the exceptions specified in paragraphs 2 and 4 of subdivision (a) of section 17 of the Bankruptcy Act. The allegations of falsity, scienter, deception and injury set forth in the complaint are not to be deemed conclusively determinative of the nature and character of the liability on which the judgment rests.
An analysis of the complaint discloses that, aside from the alleged representation that the Brewing Corp. would be primarily and directly responsible for the repayment of the loan, the only other alleged representation was the statement by the defendants that they would be unable directly to appear in the transaction as principals because doing so would be in violation of the Alcoholic Beverage Control Law. The latter representation attributed to the defendants cannot be deemed false, since *12 it is not claimed that the law was misrepresented. Even assuming that the provisions of the Alcoholic Beverage Control Law did not affect defendant Handler, it is clear from the complaint that the plaintiff did not rely on any representation as to Handler, nor did it suffer damage therefrom, since it is alleged in the complaint that Handler endorsed the note that was given for the loan.
The other alleged representation referred to previously, namely, that Handler represented that the Brewing Corp. would be primarily and directly responsible for the loan is not of such a character that will support an action in fraud since it is clearly promissory in nature. (Field v. Seubert Bearing Co., 179 App. Div. 780; Stoltz v. Reynolds, 169 N. Y. S. 170.) It is alleged that the representation was made with the conscious intent that the Brewing Corp. would not and did not intend to assume primary liability for the loan and would subsequently repudiate its obligation thereunder. However, the courts of this State have held that a promise to pay or to perform an act in the future, even thoug’h accompanied with an intention not to perform it, is not such a representation that can be made the basis of an action for fraud and deceit. (Gray v. Palmer, 2 Robt. 500, affd. 41 N. Y. 620; Gallager v. Brunel, 6 Cow. 347, 351-352.) It is true that where the false representation is of an existing intention or state of mind, such representation may be the basis for an action in fraud. But this principle is not applicable to the facts here. The representations as to future conduct do not refer to the defendant Handler but to the Brewing Corp. Certainly Handler could not control the actions of the Brewing Corp. as to its future acts. No facts are set forth from which the intent of the Brewing Corp. not to assume responsibility might be inferred; there are only conclusory allegations to that effect. ■ Thus, Handler’s statement relates only to a representation that is promissory in nature and does not constitute actionable fraud (Hadley v. Thompson, 12 N. Y. S. 2d 259).
Furthermore, the complaint discloses that the representations of the defendants related to a promise on the part of the Brewing Corp. to perform an act which was in violation of the Alcoholic Beverage Control Law. Under such circumstances there can be no reliance on the representations alleged to have been made by the defendants as to the Brewing Corp.’s obligation to repay the loan.
It does not appear from the record of the action that the fraud and deceit of the judgment debtor Handler was the gist and gravamen of the action.
*13 The judgment creditor has failed to establish that the judgment is based on a liability that comes within the exceptions specified in section 17 of the Bankruptcy Act. Consequently, the judgment was dischargeable in bankruptcy.
Motion granted. Submit order.