John J. Walsh, J.
Judgment debtors herein move for an
order vacating and setting aside an order of this court directing their examination in supplementary proceedings pursuant to a judgment obtained against them. The motion is made on the ground that the judgment was discharged by the judgment debtors’ subsequent discharge in bankruptcy.
Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a]) provides: “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *
*1078 “ (2) are liabilities for obtaining1 money or property by false pretenses or false representations * * *
A cause of action to recover damages for fraud is not discharged by defendants’ bankruptcy. (Local Loan Co. v. Guinessey, 33 N. Y. S. 2d 62; Personal Finance Corp. v. Robinson, 27 N. Y. S. 2d 6.) This is true regardless of the fact that the subject matter of the alleged fraud was included in the bankruptcy schedules. Defendants’ contention that plaintiffs should have appeared in the bankruptcy proceeding to oppose the granting of the discharge is without merit.
The procedure to he followed on this motion is clearly enunciated in the recent case of Matter of Proctor Securities Corp. v. Handler (7 Misc 2d 9, 10):
“ The issue presented is whether the liability or debt on which the judgment rests comes within one of the above exceptions [Bankruptcy Act, § 17] and is therefore not dischargeable in bankruptcy.
‘ ‘ A judgment creditor has the burden of showing that the judgment is not dischargeable in bankruptcy. (Tompkins v. Williams, 137 App. Div. 521, 522, affd. 206 N. Y. 744.)
“ The court may look beyond the judgment to determine the nature of the liability or debt and may investigate the facts which form the basis of the judgment. (Belsey v. Deveraux, 150 Misc. 337; Maier v. Maier, 77 Misc. 145.) The inquiry must be restricted to the record of the action under challenge. (Matter of Benoit, 124 App. Div. 142; Multiple Trading Corp. v. Saggese, 178 Misc. 1077.) The inquiry then is whether the judgment roll shows that the judgment is based on a claim that is not dischargeable in bankruptcy. (Matter of Paley, 260 App. Div. 832, affd. 285 N. Y. 641; Hanan v. Long, 150 App. Div. 327.) If it does not clearly appear from the record that the fraud which was alleged in the action on which the judgment in the case at bar is based, was the gist and gravamen of the action, then the judgment is one which is dischargeable (Matter of Benoit, supra). In order to determine whether the judgment is dischargeable, the nature and character of the liability on which the judgment was founded must first be determined (Maier v. Maier, supra). The court is not precluded by the form of the action, nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act (Matter of Barbery v. Cohen, 183 App. Div. 424, 427)."
-A judgment based upon false representations in obtaining property -is saved from the discharge in bankruptcy, This applies with equal force whether the judgment was granted *1079 after trial or upon default (Matter of Stark, 50 F. 2d 260; Matter of Kimbrough, 8 F. Supp. 843).
Five elements are required to constitute a cause of action for fraud: (1) a false representation; (2) made with the knowledge of the defendant that it was false; (3) made with the intent to defraud the plaintiff; (4) believed by the plaintiff and relied upon by him; (5) resulting in damage to the plaintiff.
An examination of the complaint filed in the Utica City Court upon which the judgment was based alleges that plaintiffs delivered meats, groceries and vegetables on an open account to defendants who operated Bradley’s Restaurant in Utica, New York; that defendants delivered five checks to plaintiffs and “ falsely represented to the plaintiffs that they had on deposit with the bank, against which the said checks were drawn, sufficient funds for the cashing of the said checks, when in truth and in fact such representations and statements * * * were false and were made by the said defendants wilfully and wantonly with the sole purpose of inducing the plaintiffs to deliver the said goods to the defendants and thereby defraud the plaintiffs.” The complaint then alleges belief in and reliance upon such representations and a delivery of the goods; that thereafter the said checks were returned protested; that plaintiffs hold worthless and protested checks and by reason of the alleged fraud have been damaged.
Such complaint states a cause of action in fraud. The judgment was properly entered on default and survives the discharge in bankruptcy. Motion denied. Stay granted in order to show cause vacated.
Submit order.