Henry J. Latham, J.
Motion by defendant for an order discharging of record a judgment entered against him and vacating an execution against his wages. Plaintiff opposes the application.
On January 16, 1956 a judgment was entered against the defendant in the sum of $50,189. On March 9, 1956 defendant filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of New York and vzas adjudicated a bankrupt. Plaintiff’s judgment was listed on the schedules in bankruptcy. On May 22, 1956 defendant was discharged by the Eeferee in Bankruptcy. The judgment herein was thereby discharged unless the claim was one excepted from the operation of a discharge in bankruptcy.
Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides: “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as *646 * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another The burden is on the judgment creditor to show that the judgment is not dis-chargeable in bankruptcy. (Tompkins v. Williams, 137 App. Div. 521, 522, affd. 206 N. Y. 744.)
Plaintiff’s judgment was recovered in an action for negligence. On July 7, 1950 plaintiff was loading the trunk of his car. Defendant, who lived across the street from plaintiff, backed his car out of his driveway and across the street and pinned plaintiff between the bumpers of both cars. As a result of the accident, it was necessary to amputate one of plaintiff’s legs for which plaintiff recovered the judgment herein of $50,189. Defendant carried insurance which covered $5,189 of the judgment, leaving $45,000 unpaid.
Plaintiff claimed that at the time of the accident his car was standing in his own driveway. Defendant, in an examination before trial, testified that plaintiff’s car was protruding out into the street. An apparently disinterested witness testified at the trial that defendant backed his car out of his own driveway “ very fast ” into plaintiff’s car which was in his own driveway ‘ ‘ about eight feet in from the curb line. ’ ’
At the trial of this action, plaintiff’s counsel asked the court to charge the jury respecting wanton negligence, but the court refused to do so on the ground that plaintiff need prove only ordinary negligence in order to recover. After the jury rendered its verdict for the plaintiff, the court expressed the opinion that defendant’s act came close to wanton negligence. Despite the court’s opinion, the jury’s verdict is conclusive only as to the fact that defendant was negligent.
The Bankruptcy Act must be interpreted liberally in favor of the bankrupt. (Gleason v. Thaw, 236 U. S. 558, 562; Matter of Zinn v. Hallock, 194 Misc. 604, affd. 275 App. Div. 818.) The judgment roll must show that the judgment is based on a claim which is not dischargeable in bankruptcy. (Matter of Paley [Ritholtz], 260 App. Div. 632, 637, affd. 285 N. Y. 641.) If it does not clearly appear from the record that the gravamen of the action was such that the judgment is not dischargeable, then the judgment must be discharged. (Matter of Benoit, 124 App. Div. 142, affd. 194 N. Y. 549.) To bring this case within the exception, it must appear that the injury to the plaintiff was intentional. (Brown v. Garey, 267 N. Y. 167.)
It has been held that a complaint alleging that the defendant drove at an excessive and unlawful speed and in a careless, reckless, wanton and negligent manner could not be construed as alleging an intentional injury. (Poznanovic v. Gilardine, 174 *647 Minn. 89.) In that case, the court quoted from Tinker v. Colwell (193 U. S. 473, 489) in which Mr. Justice Peckham said: “ One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. ’ ’
Similarly, where a plaintiff alleged a trespass and assault in that while walking on the sidewalk, defendant ran into her and knocked her down, it was held that the judgment was barred by defendant’s discharge in bankruptcy since the wrong was not intentional. (Matter of Grout, 88 Vt. 318.)
While the result of this accident has been very tragic, it does not appear that the injury was inflicted willfully and maliciously, that is to say, intentionally and, therefore, it does not come within the exceptions to the discharge in bankruptcy. It follows that defendant’s motion must be granted.
Submit order.