### In the Matter of Joseph GADANSKY, Bankrupt.

### No. 65–B–876.

United States District Court
E. D. New York.

Dec. 29, 1965.

Wolinsky & Wolinsky, College Point, N. Y., for bankrupt, Melvin Wolinsky, College Point, N. Y., of counsel.

Abraham S. Hittner, Brooklyn, N. Y., for creditor Beneficial Finance Co. of New York, Inc.

BARTELS, District Judge.

On August 27, 1965, Joseph Gadansky filed a petition and schedules in bankruptcy, including Schedule A–3 listing Beneficial Finance Co. of New York, Inc. (Beneficial) as a creditor, whose claim was unsecured in the sum of $571. On November 5, 1965, Beneficial served a summons and complaint upon the bankrupt in an action in the Civil Court of the City of New York, County of Kings, to recover the sum of $496.26, and on November 18, 1965, the bankrupt applied to this Court for an order restraining Beneficial from prosecuting said action in the Civil Court. On November 19, 1965, the Referee in Bankruptcy issued a certificate of discharge in bankruptcy and thereafter, on December 10, 1965, this application came on to be heard.

The applicable sections of the Bankruptcy Act are 14(c) (3), 11 U.S.C.A. § 32(c) (3), and 17(a), as amended, 11 U.S.C.A. § 35(a). The latter section provides, in part: "A discharge in bank-

ruptcy shall release a bankrupt from all of his provable debts" except, among others, liabilities for obtaining money or property by false pretenses or false representations. Section 14(c) (3) provides, among other things, that the Court shall grant a discharge unless satisfied that the bankrupt while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or credit by means of a materially false statement in writing. Since in this case the bankrupt was not engaged in a business as a sole proprietor or otherwise, he apparently would have been able to obtain a discharge even though he had obtained money by false pretenses, but in that event he would still remain liable for a debt which had been so incurred because it was not discharged.

The complaint in the Civil Court action alleges that "this is an action for money obtained by false pretenses or false representations and was, therefore, not dischargeable in bankruptcy". In his affidavit the attorney for the bankrupt admits that Beneficial's claim is predicated upon fraud

■■ It is true that Beneficial, with full knowledge of the bankruptcy proceedings and all facts which it claims would preclude the discharge of the bankrupt's debt, failed to file a claim but instead sought its remedy in a nonbankruptcy tribunal in the Civil Court of the City of New York. Only under special and unusual circumstances, which are not present here, may the bankruptcy court entertain an ancillary bill enjoining a pending action in the State court upon a claim which could have been adjudicated in the bankruptcy court. See Local Loan Co. v. Hunt, 1934, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230. The character of a claim is determined by plaintiff's pleading. In the State court the bankrupt is free to plead his discharge and according to an array of authorities that court is bound to consider the plea and make its own determination.

■ As far as debtors under the old law and business debtors under the present law are concerned, the creditor victim of a fraudulent debtor can always object to the debtor's discharge in the bankruptcy court because of fraud, at which time the dischargeability or non-dischargeability of the debtor can be adjudicated based upon the determination of fraud in connection with a particular debt. The objection can be raised by any creditor and if sustained, not only the victimized creditor but all creditors will participate in the benefit received from such a bar.

Since the 1960 amendment to Section 14(c) (3) of the Bankruptcy Act, 11 U.S.C.A. § 32(c) (3), which states that the dischargeability in bankruptcy of a non-business debtor will not be barred simply because he has been guilty of fraud with respect to any particular claim, the victimized creditor has no right to bar the debtor's discharge and he would have no reason to enter the bankruptcy court and raise the question. The claim survives if fraudulent. Far from excluding his entry into the State court, it appears that his only opportunity to enforce his claim is in the State court. See In Re Bell, E.D.Va.1962, 212 F.Supp. 300.

■ From the standpoint of conservation of judicial manpower however, it seems that the victimized creditor should have the right, if not the duty, to present his claim of fraud to a bankruptcy court for adjudication with respect to any debtor at a time when that court has jurisdiction over the debtor and is able by reason of the provisions of the Bankruptcy Act to thoroughly examine the bankrupt and others and determine the issue of fraud once and for all. Cf., White v. Public Loan Corp., 8 Cir. 1957, 247 F.2d 601. But see, In Re Biscoe, D.C.Mass.1942, 45 F.Supp. 422. If the decision is adverse to the creditor, the bankrupt is freed from any further harassment. In the event that it is determined that the debt had a fraudulent inception, a judgment in the State court predicated upon such a finding would seem to be a mere matter of form. This is a matter for congressional resolution

and not for the courts. In the meantime the bankruptcy court has no power to restrain a creditor alleging fraud from resorting to the only forum he has for the full enforcement of his rights merely because the bankrupt asserts he was discharged. In re Armour, 7 Cir. 1951, 186 F.2d 503; White v. Public Loan Corp., supra; see, 1 Collier on Bankruptcy (14th Edition) ¶¶ 2.62[5], 17.28; cf., In re Alvino, 2 Cir. 1940, 111 F.2d 642; Family Small Loan Co. v. Mason, 4 Cir. 1933, 67 F.2d 207. Motion is therefore denied.