Joseph Liff, J.
This motion pursuant to CPLR 5231 (subd. [g]) and 5240 for an order regulating and denying an income execution is granted and the execution is vacated.
*548 The basis for the application is that the judgment obtained by the judgment creditor (plaintiff herein) was discharged in the bankruptcy proceeding of the judgment debtor (defendant Albert M. Somma).
The application is met by the affidavit of an attorney for the bank in which he asserts that, if the judgment were discharge-able, then the movant should have the relief he seeks. He relates that in November, 1966 his client, in business transactions with said Albert M. Somma and others, discovered “an out-of-trust situation ” and other fraudulent dealings and that thereafter as a result of negotiations new obligations were accepted. He makes another statement that there was a ‘1 tortious conversion ” and finally he asks that a hearing be held. This affidavit is of limited probative value since the attorney does not have personal knowledge of all the facts.
An examination of the judgment roll reveals that the complaint contained five causes of action. The first is based on a loan made to the defendant in November of 1966; the second on an account stated at the same time; the third and fourth, each on a promissory note given in March of 1967; the fifth on a guarantee made by individuals of a company’s transactions with the lender. Thus, whatever the transactions may have been before, they were resolved by the account stated and the notes and guarantee delivered. A bankrupt may be discharged from his provable debts except those which are liabilities for the obtaining of monies or property by false pretenses or false representations, etc. (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35). The judgment creditor premises its resistance to this application on the claim that the action was based on false and fraudulent representations, etc. (Beneficial Fin. Co. of N. Y. v. Wall, 25 A D 2d 897). The burden of proving that the debt may not be discharged is on the one who claims it (Thibadeau v. Lonschein, 17 Misc 2d 645). The judgment roll must show that the debt was such that it could not be discharged in bankruptcy (Matter of Paley [Ritholtz], 260 App. Div. 632, 637, affd. 285 N. Y. 641) and the examination must be restricted to the record of the action resulting in the judgment (Matter of Proctor Securities Corp. v. Handler, 7 Misc 2d 9). In the present instance, no claim of fraud was made in the complaint nor upon the entry of the judgment against the moving party. His application is granted and an order vacating the income execution has been signed.