Abraham Isseks, J.
Petitioner Norton made application to this court for an order directing that a discharge of record be marked upon the docket of a judgment recovered by Household Finance Corporation (hereinafter referred to as HFC) against petitioner and his wife.
HFC obtained a judgment in the amount of $945.75, which was docketed against petitioner and his wife on November 27, 1967, in the City Court of the City of Middletown, New York. A transcript of judgment was filed in the Orange County Clerk’s office on November 30, 1967. HFC’s complaint in that action alleged that petitioner and his wife had obtained a loan from HFC by means of false representations of fact contained in a financial statement which petitioner new to be false, which statement he submitted with the intent and purpose of inducing HFC to make the loan. The complaint further alleged that HFC was not aware of the falsity and was deceived into extending him credit and that the loan would not have been made if a true financial statement had accompanied petitioner’s application. More specifically it was alleged in the complaint that petitioners listed debts of $1,466.96, whereas in fact, they owed at least the sum of $3,328.96. Also no portion of the note representing the loan has been paid.
The loan was made to the petitioners on November 15, 1965. Thereafter, petitioner filed a petition in bankruptcy and was adjudicated a bankrupt by the United States District Court for •the Southern District of New York on June 20,1966 and received a discharge in bankruptcy on August 22, 1966. The loan from HFC was scheduled in the bankruptcy proceedings and HFC admittedly received notice of the filing of the petition in bankruptcy, but HFC did not file any objections to the discharge.
The decretal paragraph of the petitioner’s discharge in bankruptcy states: “It is ordered that the said William W. Norton be, and he hereby is, discharged from all debts and claims which, by the Act of Congress relating to bankruptcy, are made provable against his estate, except such debts as are, by said Act, excepted from the obligation of a discharge in bankruptcy.”
*744 The action leading to the judgment now before this court was instituted by HFC after the adjudication, on November 5, 1966. More than one year later, on November 8,1967, after petitioner failed to appear for trial, an inquest was taken, and the City Court of the City of Middletown entered judgment against petitioner and in favor of HFC.
The Congress of the United States in its wisdom, when amending section 14 (subd. [c], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 32, subd. [c], par. [3]) in 1960, made a distinction between debts incurred by business and nonbusiness bankrupts. Congress provided that a discharge will not be denied to a nonbusiness bankrupt solely on the ground that he had obtained money through the issuance of a false financial statement. (Bankruptcy Act, § 17, subd. [a], par. [2]; U. S. Code, tit. 11, § 35, subd. [a], par. [2].) The penalty provided in the act for obtaining credit by such means was a denial of the beneficial effects of the discharge as to the debt incurred. (Bankruptcy Act, § 17, .subd. [a], par. [2]; U. S. Code, tit. 11, § 35, subd. [a], par. [2].)
The creditor’s remedy is therefore in the State courts.
It has been noted that ‘ ‘ in the 'State court, the bankrupt is free to plead his discharge and according to an array of authorities that court is bound to consider the plea and make its own determination. * * * Far from excluding his [the creditor’s] entry into the State court, it appears that his only opportunity to enforce his claim is in the State court. See In Re Bell, E.D. Va. 1962, 212 F. Supp. 300.” (Matter of Gadansky, 249 F. Supp, 114, 115.)
The question which must be decided in this court is whether the judgment of the City Court of the City of Middletown, was based upon a finding that the loan from HFC was made as a result of a false financial statement furnished to it by the petitioner with the intention of defrauding HFC who relied thereon and was misled by said statement, and that the loan was in fact based upon such false .statement. (See Personal Finance Corp. of Waterbury v. Robinson, 27 N. Y. S. 2d 6, 8, 9.)
Remington, Bankruptcy (vol. 8, § 3267, p. 110) states that the “ State Courts have jurisdiction to determine the discharge-ability in bankrupcty of a particular obligation whenever the question is duly presented to them.” The decisions of the courts of this State are in accord. The Appellate Division, Third Department, recently held that a discharge in bankruptcy 11 would not prevent recovery if the creditor could prove that the debt was incurred under ‘ false pretenses or false representations ’ ”. (Beneficial Finance Co. of N. Y. v. Wall, 25 A D 2d *745 897; to the same effect, First Nat. Bank v. Haymes, 49 Misc 2d 939, 952; Tomaino v. Gigliotti, 15 Misc 2d 1077.)
The judgment roll must show that the debt was such that it cannot be discharged in bankruptcy. (Matter of Paley [Ritholtz], 260 App. Div. 632, 637, affd. 285 N. Y. 641.) The decision on this question is restricted to the record of the action resulting in the judgment. (Matter of Proctor Securities Corp. v. Handler, 7 Misc 2d 9; Matter of Galich, 59 Misc 2d 836.) See Security Nat. Bank of Long Is. v. Boccio (60 Misc 2d 547, 548), where the court found, contrary to the instant case, that there was no fraud shown in the record.
In the instant case, the judgment creditor has met his burden of proof to show that the debt was not discharged in bankruptcy. (Thibadeau v. Lonschein, 17 Misc 2d 645; Tompkins v. Williams, 137 App. Div. 521, 522, affd. 206 N. Y. 744.)
Even though the debt was scheduled in the Bankruptcy Court and HFC had notice of the proceedings, the fact that HFC failed to raise objection to the discharge in .said proceedings does not create an estoppel against it in this court. (Time Finance Co. v. Nelson, 312 Ky. 255, 256, 257.)
In fact, since the obligation was strictly a personal one, not arising from a business transaction, there was no way for HFC to have utilized this debt to .prevent the Bankruptcy Court from denying a discharge. ‘ ‘ Whether the obligation is dischargeable can be determined only in the court where the action is pending to enforce payment of a debt or collection of a judgment.” (First Nat. Bank v. Haymes, supra., p. 952.)
The present case, however, clearly points out the burden that the Bankruptcy Act places on a bankrupt. This court thoroughly concurs in the reform recommendation made originally in, Matter of Gadansky (249 F. Supp. 114, supra), which was supported by the court in First Nat. Bank v. Haymes (supra), that a creditor should be obliged to present his claim based upon fraud or obtaining money by false pretenses to the Bankruptcy Court for adjudication at the time when that court has jurisdiction over the debtor. In this way, all issues concerning the financial status of a debtor would be heard and disposed of in one proceeding in a single forum. This would be the most equitable method of protecting the debtor and should not cause any undue burden on the creditor since he now must go into at least one other forum to enforce his rights. This proposal would avoid the expense and time-consuming multiple review of the same claim by many courts. In the instant case, for example, the debt in question was scheduled and reviewed in the bankruptcy proceedings, was ruled upon in the City *746 Court of the City of Middletown and in this County Court. Such a multiplicity of actions harasses the debtor and leaves him searching for counsel to represent him at a time when his assets are depleted and he is unable to pay for proper representation, above the initial cost of retaining counsel to represent him before the Bankruptcy Court. Most important, .such a course of action would “ eliminate the doubt or suspense as to the validity of any claim or debt. Above all, a discharge would really mea» a discharge.” (First Nat. Bank v. Haymes, supra, p. 952.)
Unfortunately, at this time, this desirable procedure is not authorized by the existing bankruptcy law, and as the court noted, “ this is a matter of congressional resolution and not for the courts ”. (Matter of Gadansky, supra, pp. 115-116.)
Accordingly, the record before the City Court satisfies this court that the debt comes within the exception to a discharge of a debt provided in section 17 (subd. [a], par. [2]; U. S. Code, tit. 11, § 35, subd. [a], par. [2]) the Bankruptcy Act, and therefore, the petitioner’s debt to HFC was not discharged in bankruptcy. Therefore, the petitioner’s application for an order directing that a discharge of record be marked upon the docket and judgment recovered by HFC is hereby denied.